UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 11-08238 DMG (FFMx)** | Date | March 5, 2012 |
| Title | *Marlene Peraza v. Bank of America N.A., et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 7, 2011, Plaintiff filed a complaint in this Court [Doc. # 3]. The complaint lacks a statement indicating the basis for this Court's subject matter jurisdiction in violation of Local Rule 8-1.[1]

Federal district courts are of limited jurisdiction. *Alcala v. Holder*, 563 F.3d 1009, 1016 (9th Cir. 2009) (citing *Cary v. Curtis*, 44 U.S. (3 How.) 236, 244, 11 L.Ed. 576 (1845)). Although Defendant Bank of America, N.A. does not raise the issue in its pending motion to dismiss [Doc. # 8], this Court nonetheless has an obligation to examine *sua sponte* whether it has jurisdiction over the subject matter of this lawsuit. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998)).

No jurisdictional basis is apparent from the face of the complaint. Under 28 U.S.C. § 1332(a)(1), courts have diversity jurisdiction if the action arises between "citizens of different States" and at least $75,000 is in controversy. To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)). Both Plaintiff and Defendant Quality Loan Service Corp. appear to be California citizens, thus defeating diversity. Plaintiff lists a California address in the caption of her complaint and Quality also has a California address (*see, e.g.*, Compl., Ex. A at 2).

---

[1] Although Plaintiff is proceeding *pro se*, *i.e.*, without legal representation, she nonetheless is required to follow both the Local Rules and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.10.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-08238 DMG (FFMx) | Date | March 5, 2012 |
| Title | *Marlene Peraza v. Bank of America N.A., et al.* | Page | 2 of 2 |

   Under 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law within the meaning of Section 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)) (internal quotation marks omitted). Plaintiff's claims, however, do not appear to arise under federal law.[2] Consequently, there appears to be no federal question jurisdiction.

   Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file her response by no later than **March 20, 2012**. **Failure to timely file a satisfactory response will result in the dismissal of this action.**[3]

**IT IS SO ORDERED.**

---

[2] Plaintiff asserts violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Home Owners Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq.*, as two of ten enumerated "deceptive practices" in which Defendants allegedly engaged. (Compl. ¶ 15.) While the exact nature of these alleged transgressions is unclear, none of Plaintiff's articulated causes of action necessarily depends on proof of a TILA or HOLA violation.

[3] The Court may not provide legal advice to any party, including *pro se* litigants. There is a "*Pro Se* Clinic" operating within the courthouse that can provide information and assistance about many aspects of civil litigation in this Court. The Clinic is administered by Public Counsel, a public interest law firm, and is staffed by lawyers and a paralegal. The clinic is open to members of the public on Mondays, Wednesdays, and Fridays from 9:30 a.m. to noon and 2:00 p.m. to 4:00 p.m. It is located in room 525 on the fifth floor of the United States Courthouse at 312 North Spring Street, Los Angeles, California. In addition, some information for *pro se* litigants can be found on the Central District's website. *See* Representing Yourself in Federal Courts, http://www.cacd.uscourts.gov/cacd/ProSe.nsf.